# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY  DIVISION

BENJAMIN E. ISAAC,                                 :
                                                   :
                 Petitioner,                       :
                                                   :
        VS.                                        :        1 : 09-CV-82 (WLS)
                                                   :
DAVID L. FRAZIER, Warden,                          :
                                                   :
                 Respondent.                       :
_____

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 Grady County guilty plea conviction for armed robbery and possession of a firearm during the commission of a crime.  (Doc.  2).  On June 4, 2002 Petitioner entered a guilty plea to three counts of robbery as lesser offenses pursuant to a negotiated plea bargain.  (Doc. 18).  Although the trial court found the guilty plea was voluntarily entered, the court declined to impose the recommended sentence and Petitioner withdrew his guilty plea that same day.  *Id.* Early in the day on June 17, 2002, Petitioner, his counsel and the prosecutor attempted to negotiate another plea agreement, although this ultimately failed.  (Doc. 8-8, June 17, 2002 Guilty plea transcript, pp. 25-26).  On June 17, 2002, after a jury was struck, Petitioner entered a nonnegotiated guilty plea to three counts of armed robbery and one count of possession of a firearm during the commission of a crime, receiving a sentence of 15 years concurrent on each of the robbery counts and 5 years consecutive for the firearm possession charge.  *Id.* at pp. 23-52.

Petitioner was appointed new counsel and was allowed to file an out-of-time appeal of his conviction.  The Georgia Court of Appeals affirmed Petitioner's conviction and sentence in 2005.  *Isaac v. State*, 275 Ga. App. 262, 613 S.E.2d 620 (2005).  Petitioner filed a state habeas

petition on March 10, 2006 in the Superior Court of Chattooga County. (Docs. 8-1, 8-2). Following an evidentiary hearing, the state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on January 12, 2009. (Docs. 8-3, 8-5). Petitioner filed this federal habeas petition on May 21, 2009. (Doc. 2).

## Factual Background

This Court is "bound under 28 U.S.C. § 2254 [(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the state habeas court said findings are hereby adopted as follows:

> On March 19, 2002, the grand jury for Grady County returned a true bill indictment against Petitioner in case no. 02-R-020 charging Petitioner with three counts of armed robbery and one count of possession of a firearm during the commission of a crime. On that same date, the grand jury for Grady County returned a true bill indictment against Petitioner in case no. 02-R-023 charging Petitioner with carrying a concealed weapon, possession of a firearm by a convicted felon, and theft by receiving stolen property. On June 4, 2002, Petitioner and the District Attorney entered into a plea and sentence recommendation agreement whereby Petitioner would plead guilty to three counts of robbery and receive a sentence of ten years serve three, the firearm charge would be nolle prossed, the charges pending against Petitioner in case no. 02-R-23 would also be nolle prossed, and Petitioner would pay a fine and restitution. A plea hearing was conducted on June 4, 2002. . . .
>
> At said plea hearing, a transcript form containing Petitioner's

answers to 31 questions as well as the signatures of both Petitioner and his counsel was presented to the Court. The trial judge signed the "Certificate Of Presiding Judge" portion of the form [accepting the plea of guilty]. . . . However, the trial court declined to accept the sentence recommendation and Petitioner withdrew his guilty plea.

Petitioner's case in case no. 02-R-023 came on for trial on June 5, 2002, and following jury selection, Petitioner entered a guilty plea to the offense of possession of a firearm by a convicted felon. The record clearly reflects that Petitioner was advised of the nature of the crimes he was facing, the sentences he could receive for said crimes, and the rights he was waiving by entering a guilty plea, including the three *Boykin* rights.

Petitioner's case in case no. 02-R-020 came on for trial on June 17, 2002. As stated by the Georgia Court of Appeals:

"At trial, defense counsel stated that Isaac wanted to address the court before entering a negotiated guilty plea. But without expressing any willingness to enter a guilty plea, Isaac suggested that he was being asked to plead guilty to something he had not done, complained of his attorney's representation of him, and asked for another lawyer. Isaac also remarked that he had asked his attorney to request a bench trial rather than a jury trial. Upon being questioned by the court, however, Isaac admitted that his attorney had informed him that the court had agreed to hold a bench trial. The court found no indication that Isaac's lawyer was representing him in an ineffective manner and refused to appoint another attorney to represent him.

Isaac then informed the court that he would rather plead guilty than be tried before a jury. The court refused to accept the plea and ordered the trial to proceed forthwith, noting for the record that Isaac had attempted to escape within the previous hour. After an off-the-record discussion with defense counsel, the court agreed to consider accepting entry of a nonnegotiated guilty plea. Counsel thereupon detailed the full advice he had given Isaac as to the consequences of entering a nonnegotiated guilty plea, and Isaac affirmed that he had been given such advice. The court then elicited testimony from Isaac showing that he had the mental capacity to enter the plea, that he was doing so voluntarily, that he had discussed the facts of the case with is attorney, and that he was fully aware of the rights he was waiving. Isaac further assured the court that he was, in fact, satisfied with his attorney's services and guilty

of the offenses charged."

*Isaac v. State*, 275 Ga. App. 262, 263 (2005).

The record clearly reflects that Petitioner's guilty plea in case no. 02-R-020 was nonnegotiated and that Petitioner was pleading guilty to three counts of armed robbery and one count of possession of a firearm during the commission of a crime. The record also clearly reflects that Petitioner was advised of the nature of the crimes he was facing, the sentences he could receive for said crimes, and the rights he was waiving by entering a guilty plea, including the three *Boykin* rights.

Being represented by different counsel, Petitioner appealed his conviction in case no. 02-R-020 to the Georgia Court of Appeals. He raised in said appeal the issue that his guilty plea was not voluntarily entered. The Georgia Court of Appeals ruled that Petitioner's guilty plea of June 17, 2002, was knowingly and voluntarily entered.

(Doc. 8-3, pp. 2-5, *internal citations omitted*).

## **Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its

4

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d)(1).

### Petitioner's Habeas Claims

In his Petition for federal habeas relief, the Petitioner sets forth the following seven grounds for relief: 1) ineffective assistance of guilty plea counsel, in that, counsel advised Petitioner of the consequences of a nonnegotiated guilty plea to three counts of robbery, while

the court advised him as to a plea of armed robbery, and Petitioner pled guilty to armed robbery due to his misinterpretation of the consequences; 2) ineffective assistance of appellate counsel, in that, counsel failed to raise ineffective assistance of guilty plea counsel in the appeal; 3) "mental coercion overbearing Petitioner's will for a fair trial", in that, the judge refused to provide new counsel despite Petitioner's complaints, did not require counsel to answer or address Petitioner's complaints, "threatened" to make Petitioner stand trial with the attorney, and "asked" Petitioner to plead guilty to armed robbery; 4) double jeopardy, in that, Petitioner pled guilty on June 4, 2002, with the trial court allegedly accepting the plea, and then scheduling the trial for June 17, 2002, and then accepting Petitioner's nonnegotiated guilty plea; 5) denial of a fair and impartial judge, in that, the judge offered Petitioner an increased sentence and then set the matter for trial for June 17, 2002 without a withdrawal of the guilty plea; 6) ineffective assistance of guilty plea counsel, in that, counsel failed to object to the trial court's "discretion" in "offering" Petitioner an increased sentence or letting him withdraw the guilty plea, and failed to advise Petitioner of his rights to the plea; 7) void plea, in that, Petitioner signed a plea form for three counts of robbery as a lesser included offense and the form was subsequently altered to remove "robbery (lesser included)". (Doc. 2).

***Ineffective assistance of guilty plea counsel***: ***Grounds 1 and 6***

In Grounds 1 and 6 the Petitioner challenges the representation provided by his guilty plea counsel, and asserts that counsel provided ineffective assistance in: failing to adequately advise Petitioner that he was pleading guilty to armed robbery in the nonnegotiated plea and the consequences thereof; failing to object to the trial court refusing to accept the recommended sentence on the negotiated plea deal and proposing an increased sentence or withdrawal of the guilty plea; and failing to advise Petitioner as to the relevant law surrounding the plea. In order

to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

The state habeas court issued the following general findings as to counsel's representation of the Petitioner:

[Guilty plea counsel ] rendered reasonably effective assistance of
counsel to the Petitioner in [his] representation of Petitioner at trial
. . . [and] made decisions which were reasonable tactical moves and
considerations which any competent attorney in the same situation
could have or would have made.  Petitioner has not shown by a
preponderance of the evidence that any of counsels' alleged
deficient performances were objectively unreasonable and that there
was a reasonable probability that but for counsels' unreasonable
performance, the result of his appeal would have been different.

(Doc. 8-3, p. 5)

After citing to *Strickland*, the state habeas court specifically found as follows in regard to

Petitioner's alleged instances of ineffective assistance of guilty plea counsel:

The Court finds that Petitioner has failed to show that counsel's
performance was deficient in any manner.  As found, the trial court
did not accept the sentence recommendation at the guilty plea
hearing of June 4, 2002, as a consequence of which Petitioner
withdrew his guilty plea.  Petitioner's guilty plea of June 4, 2002,
was not final as sentence had not been pronounced by the trial court
and no final judgment of conviction had been entered by the trial
court.  *See* O.C.G.A. § 16-1-3(4) ("conviction" includes a final
judgment of conviction entered upon a verdict or finding of guilty of
a crime or upon a plea of guilty).  Consequently, trial counsel did
not perform deficiently by failing to make the objection complained
of by Petitioner.

. . .

[In regard to Petitioner's allegations ] that trial counsel was
ineffective because he erroneously advised Petitioner that he was
entering a guilty plea . . . to charges of robbery rather than armed
robbery. . . [t]his ground is without merit.  The record clearly
reflects that Petitioner was advised in the plea hearing that he was
entering a guilty plea to three counts of armed robbery and that said
guilty plea was nonnegotiated.  Consequently, Petitioner failed to
show that trial counsel performed deficiently.

(Doc. 8-3, pp. 6, 8).

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's guilty plea counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland*, the court found that counsel was not deficient and did not prejudice Petitioner. The facts as found by the state habeas court evidence counsel's effective representation. By means of the statement of his attorney, Petitioner was allowed to withdraw his June 4, 2002 guilty plea, prior to said plea becoming an actual conviction, obviating the need for any objection by counsel to an increased sentence. (Doc. 18, p. 16, ll. 4-6). In the June 17, 2002 plea proceedings, the Petitioner testified as follows when examined by his attorney:

> Q: Mr. Isaacs, you and I have previously discussed the facts of this case in which you were charged in a four-count indictment with three counts of armed robbery and one count of possession of a firearm during the commission of a crime; is that correct?
> A: Yes, sir.
>
> Q: You have indicated to me today that you wish to dispose of this case by entering a plea of guilty to each of these four counts; is that correct?
> A: Yes, sir.
> . . .
>
> Q: I show you a transcript form containing 31 questions and answers on the front and back of a single sheet of paper. Do you see that form in front of you?
> A: Yes, sir.
>
> Q: Have you and I previously gone over this form?
> A: Yes, sir.
>
> Q: Did I ask you each of the 31 questions that appear on this form?
> A: Yes, sir.

Q:  Did you provide me with truthful answers to each of the 31 questions?
A:  Yes, sir.

Q:  And I'll now say and let the record reflect that as to Question Number 10 because the DA is not willing to nol – or move the Court to nol pros Count IV, I will write in,  plus five years to serve as to Count IV.  Do you see that in front of you where I have written that in?
A:  Yes, sir.

Q:  Did I accurately record each of your 31 answers on this form?
A:  Yes, sir.

(Doc. 8-8, pp. 34-35).

This plea statement, signed by the Petitioner on June 17, 2002, reflects that at Question (10), "[d]o you understand that upon your plea of guilty, you could be imprisoned for as much as 3 consecutive life sentences, plus 5 years to serve as to Ct. 4, and that the minimum sentence is 1 years?"  the Petitioner answered "Yes".  (Doc. 8-10, pp. 27, 28).   The Petitioner's answer to this plea statement question as well as Petitioner's testimony at the June 17, 2002 guilty plea hearing confirms that Petitioner was aware of the consequences of his plea to armed robbery as a result of his discussions with counsel.  The modifications to the potential sentence on the plea statement, as found by the state habeas court, were made after a negotiated plea failed earlier in the day on June 17, 2002.  (Doc. 8-3, p. 8, ¶ 6).  Petitioner has not shown that the state habeas court's decision is contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case.  Therefore, Grounds 1 and 6 will not support the granting of habeas relief herein.

### *Ineffective assistance of appellate counsel*:  *Ground 2*

In Ground 2, the Petitioner asserts that appellate counsel rendered ineffective assistance in

that he failed to raise guilty plea counsel's alleged ineffectiveness as an error on appeal. Petitioner contends that appellate counsel's failure to raise the ineffective assistance of guilty plea counsel on appeal "reflects his unprofessional judgment of the stronger arguments when winnowing out the ineffectiveness claim on appeal". (Doc. 6, p. 16).

A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant. The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

In his state habeas petition, the Petitioner asserted that appellate counsel failed to enumerate certain issues of ineffective assistance of trial counsel as error on appeal. (Doc. 13, Exh. 5). After citing to *Strickland* and the standard for establishing ineffective assistance of counsel, the state habeas court found that:

> appellate counsel has been practicing law for more than 28 years. During that time, he has handled approximately 75 criminal appeals. Counsel communicated with Petitioner by mail. Inasmuch as appeals from judgments of conviction and sentences entered on guilty pleas are limited to issues that can be resolved by reference to facts on the existing record, *see Lewis v. State*, 266 Ga. App. 812, 813 (2004), appellate counsel was not ineffective for failing to raise ineffective assistance of trial counsel because that issue could not be resolved by reference to facts on the existing record. In addition, for

> the reasons stated *supra*, the Court finds that appellate counsel was
> not ineffective for failing to raise as an error the ineffective
> assistance of trial counsel because trial counsel was not ineffective.
> The Court further finds that Petitioner has failed to identify any
> other issues counsel should reasonably have raised on appeal or that
> counsel acted unreasonably in asserting the issues raised in the
> Court of Appeals.

(Doc. 8-3, pp. 9, 10).

Petitioner simply argues that the alleged ineffectiveness of trial counsel should have been raised by appellate counsel in the out-of-time appeal of his convictions. Petitioner has not shown that the state habeas court's determination that appellate counsel's representation was not ineffective is contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case. Therefore, Ground 2 will not support the granting of habeas relief herein.

***Guilty plea was unknowing and involuntary***: ***Grounds 3 and 7***

In Grounds 3 and 7, the Petitioner asserts that his June 17, 2002 guilty plea was unknowingly and involuntarily entered. Specifically, the Petitioner contends that the trial court overrode Petitioner's "will for a fair trial" and coerced him into pleading guilty, by refusing to change Petitioner's counsel and forcing Petitioner to go to trial, without inquiring further into Petitioner's allegations of ineffective assistance of counsel. Petitioner further contends that his written waiver of rights was altered subsequent to his signature of the waiver.

"To be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences." *Pardue v. Burton*, 26 F.3d 1093, 1096 (11th Cir. 1994) (citing *Boykin v. Alabama*, 395 U.S. 238, 241-42 (1969)). "Voluntariness implicates '[i]gnorance, incomprehension,' and 'inducements' as well as 'coercion, terror' and 'threats'". *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (quoting *Boykin*, 395 U.S. at 242-43). In order for a

defendant to enter a valid guilty plea, he "'must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available.'" *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991) (quoting *LoConte v. Dugger*, 847 F.2d 745, 751(11th Cir. 1988)). There is a strong presumption that the statements made by a petitioner/defendant during a guilty plea colloquy are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 (11th Cir. 1987).

In regard to the voluntariness of the Petitioner's guilty plea, the state habeas court found that:

> Petitioner did not provide the trial court with justification to dismiss counsel and did not show the existence of an actual conflict of interest that adversely effected counsel's representation. *See Mickens v. Taylor*, 535 U.S. 162 (2002). Petitioner has not demonstrated to this Court that trial counsel failed to investigate the case or interview witnesses.
>
> . . .
>
> The record clearly reflects that Petitioner was advised in the plea hearing that he was entering a guilty plea to three counts of armed robbery and that said guilty plea was nonnegotiated.
>
> . . .
>
> [Petitioner's] ground [alleging that his waiver of rights was invalid] is without merit as the plea transcript form petitioner refers to was filled out for Petitioner's attempted but unsuccessful negotiated guilty plea earlier in the day on June 17, 2002. However, the record clearly reflects that Petitioner knowingly and voluntarily entered a nonnegotiated guilty plea to three counts of armed robbery.
>
> . . .
>
> [T]he trial court at the hearing on June 4, 2002, rejected the sentence recommendation and allowed Petitioner to withdraw his guilty plea. The trial court's refusal to discharge appointed counsel in case no.

> 02-R-020 after jury selection did not coerce Petitioner into entering
> a guilty plea in that case because Petitioner did not establish that he
> was entitled to have new counsel appointed to represent him.

(Doc. 8-3, pp. 8-9).

The transcript of the June 17, 2002 guilty plea hearing reflects that, after a jury had been

struck, after Petitioner had again negotiated with the prosecutor and indicated his desire to enter a

guilty plea and had attempted to escape, the Petitioner raised concerns to the Court regarding his

counsel's representation. (Doc. 8-8, pp. 25-27, 30-31). After hearing Petitioner's concerns, the

Court declined to remove or change Petitioner's counsel and informed Petitioner that the matter

would proceed to trial. *Id*. at p.29. The court assured the Petitioner that he would see that

Petitioner had a fair trial and had "good representation". *Id*. at p. 30. Petitioner then, after

conferring with counsel, asked to enter a guilty plea, which he was informed and confirmed

understanding of, would be a blind, nonnegotiated plea. *Id*. at pp. 32-34.

Following testimony regarding the plea statement signed on June 17, 2002, the Petitioner

testified as follows:

> THE COURT: Do you understand that you're charged with the
> offenses of three counts of armed robbery and one count of
> possession of a firearm during the commission of a crime?
>
> THE DEFENDANT: Yes, sir.
> . . .
>
> THE COURT: Do you have any question about the nature of the
> charges or what they mean?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you understand that upon you[r] plea of guilty to
> the offense of armed robbery that you could be imprisoned for as
> much as life and that the minimum sentence is ten years on each
> count, and that the ten years would be mandatory ten years to serve
> in the penitentiary, no matter what sentence you get you will be

required to serve not less than ten years; do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  And that they would run consecutively to each other, that's a total of three life sentences, and that upon your plea of guilty to the offense of possession of a firearm during the commission of a crime that you could be imprisoned for as much as five years and that that sentence would run consecutively to any sentence that you receive for a total possible life imprisonment, three life sentences plus five years?

THE DEFENDANT:  Yes, sir.
. . .

THE COURT:  Has the district attorney, your lawyer, any policeman, law officer or anyone else made any promises to you to influence you to plead guilty in these cases?

THE DEFENDANT:  No, sir.
. . .

THE COURT:  Are you satisfied with the counsel and services of your attorney as rendered in your behalf?
THE DEFENDANT:  Yes, sir.

THE COURT:  You made some comments earlier on the record that you weren't.  I would like to hear about any dissatisfaction you might have at this time with your attorney and his representation of you.

THE DEFENDANT:   He's a good attorney, sir.

THE COURT:  Do you have any complaints or dissatisfaction with the manner in which he has gone about representing you?

THE DEFENDANT:  No, sir.

THE COURT:  Are you sure about that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you authorize and instruct him to enter a plea on your behalf here today?

THE DEFENDANT:  Yes, sir.

THE COURT:  To the offenses of three counts of armed robbery and one count of possession of a firearm during the commission of a crime, how do you plead?

THE DEFENDANT:  I plead guilty, sir.

THE COURT:  Is this your own decision?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you in fact guilty of those offenses?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you sure about that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Is there anything else now about these proceedings that you don't understand or that you wish for the Court to explain to you further?

THE DEFENDANT:  No, sir.

THE COURT:  Do you understand that now is the time to speak if you intend to speak?  Do you understand that?

THE DEFENDANT:  Yes, sir.

(Doc. 8-8, pp. 36-41).

After counsel addressed the Court, the Defendant stated:

THE DEFENDANT:  I just would like to say that I'm pleading guilty hoping to get this whole matter over with.  And I don't know what's on your mind and I don't know how you may find me guilty and what I have to maybe serve. . . . But I'm pleading guilty to armed robbery.

(Doc. 8-8, p. 46).

The Court ultimately found as follows:

> THE COURT:  All right.  On Count I, I'm going to give you 15
> years.  Counts I, II and III, I'm going to give you 15 years
> concurrent with each other; on Count IV, I'm going to give you five
> years consecutive to Count I. . . . The bottom line is it's 20 years to
> serve; do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  All right.  Now, if you're unhappy or dissatisfied
> with that sentence, I'll let you withdraw your plea and you can have
> a jury trial in a matter of moments.
>
> THE DEFENDANT:  No.
>
> THE COURT:  Okay.  That's the sentence of the Court.

(Doc. 8-8, pp. 50-51).

The Petitioner's testimony during his June 17, 2002 plea hearing establishes that the

Petitioner was informed as to the nature and consequences of his plea and that he entered his

guilty plea voluntarily.  The record of the June 17, 2002 hearing reveals no evidence of coercion

on the part of the court or Petitioner's attorney, and in fact reflects multiple attempts by the court

to hear Petitioner's concerns and pleas.  The court allowed the Petitioner to explain his concerns

regarding counsel's representation and found no merit therein.  The state habeas court's

conclusion that the Petitioner did not provide justification for replacing counsel is supported in

the plea hearing record.

In regard to Petitioner's assertions that the trial court's acceptance of the plea in a signed

"Certificate of Presiding Judge" on June 17, 2002, and the allegedly altered plea form reflect the

involuntary nature of the plea, the state habeas court found the allegations of involuntary entry of

the guilty plea to armed robbery to be without merit.  (Doc. 8-3, p. 8).  The state habeas court

found that "the plea transcript form Petitioner refers to was filled out for Petitioner's attempted

but unsuccessful negotiated guilty plea earlier in the day on June 17, 2002.  However, the record clearly reflects that Petitioner knowingly and voluntarily entered a nonnegotiated guilty plea to three counts of armed robbery." *Id.* at pp. 8, 9.  Petitioner has not shown this finding to be contrary to or an unreasonable application of federal law.  The plea form to which the Petitioner points reflects Petitioner's signature to a plea of guilty to the three counts of armed robbery and one count of possession of a weapon.  (Doc. 8-10, p. 33).  Although Petitioner asserts the form was altered after he signed the form, Petitioner presents no evidence other than his assertions that the form was altered to affect an involuntary guilty plea to armed robbery.  Moreover, the Petitioner has presented no evidence that overcomes the clear testimony during his guilty plea hearing that he was informed and understood he was pleading guilty to armed robbery and the consequences thereof, with multiple opportunities to question and object to this plea.  The Supreme Court has determined that "the representations of the defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Accordingly, Grounds 3 and 7 will not support the granting of federal habeas relief herein.

### *Double jeopardy:  Ground 4*

In Ground 4 of this federal habeas petition, the Petitioner contends that "he was placed in jeopardy twice where the Court accepted his negotiated plea, and without the withdrawal of the said plea the trial Court scheduled a jury trial pursuant to the same indictment to which his negotiated plea was entered, and thereafter, the Court asked for him to plead a second time to the same case, and accepted his plea of guilty."   (Doc. 6, p. 27).

The state habeas court held that:

O.C.G.A. § 16-1-8 provides in pertinent part:
(a) A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal[.]

O.C.G.A. § 16-1-8(a)(1).  This ground is without merit . . . [in] that the trial court did not pronounce sentence or enter a judgment of conviction at the plea hearing of June 4, 2002.  Consequently, double jeopardy principles were not implicated.

(Doc. 8-3, p. 10).

Petitioner asserts that "his plea of guilty was a conviction, and the Courts' acceptance of the negotiated plea was its judgment where there was no punishment to determine because the punishment was negotiated prior to the said hearing."  (Doc. 6, p. 29).  In *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), a case to which the Petitioner points, the Supreme Court did state that " a plea of guilty . . . is itself a conviction", although the Court went on to state that "nothing remains but to give judgment and determine punishment."  *Id.*  The entry of Petitioner's guilty plea on June 4, 2002 did not result in a conviction for purposes of double jeopardy analysis, as judgment was never entered and the trial court recognized that Petitioner withdrew his guilty plea.  Petitioner has not shown that the state habeas court's decision in this regard was an unreasonable determination of the facts.  Accordingly, this ground will not support the granting of habeas relief.

### Impartiality of trial judge:  Ground 5

Finally, the Petitioner contends in Ground 5 of this Petition that he was denied a fair and impartial trial judge during the negotiated plea hearing held on June 4, 2002, "based on the contention of the petitioner that the Court erred in accepting the negotiated plea, and later thereafter, asking for him to plead guilty to an increased sentence where the rules of the Court

and state law was aggravated". (Doc. 6, p. 29). In support of this ground, the Petitioner alleges

that the trial court failed to conform with the Uniform Superior Court rules regarding the

withdrawal of a guilty plea and that the Petitioner never authorized his attorney to withdraw his

guilty plea. *Id.*

    The state habeas court found that:

> the trial court, consistent with USCR 33.10, advised Petitioner at the
> plea hearing of June 4, 2002, that it was not going to accept the
> sentence recommendation. Petitioner then withdrew his guilty plea.
> *See* O.C.G.A. § 17-7-93(b). That the trial judge signed the
> Certificate of Presiding Judge only demonstrates that the trial court
> found that Petitioner was entering his guilty plea voluntarily. There
> is no competent evidence before the Court that the trial court
> pronounced any sentence on Petitioner during the hearing of June 4,
> 2002.

    (Doc. 8-3, p. 7).

The Petitioner points to various portions of the deposition testimony of his guilty plea counsel,

and asserts that counsel's testimony regarding the withdrawal of the June 4, 2002 guilty plea by

Petitioner was both without merit, due to counsel's "lack of recollection", and also credible, in

that, the testimony shows that Petitioner did not withdraw the guilty plea. However, the

transcript of the June 4, 2002 proceedings clearly shows that the Petitioner, through counsel,

withdrew his guilty plea, and this transcript evidence is supported by the deposition testimony of

guilty plea counsel as set out by the Petitioner. (Doc. 6, pp. 31, 32). Petitioner has not shown

that the state habeas court's decision is contrary to or an unreasonable application of clearly

established federal law, nor is it unreasonable under the facts of this case. Therefore, Ground 5

will not support the granting of habeas relief herein.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v.  McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this  17th day of June, 2011.

**s/  THOMAS Q. LANGSTAFF**

**UNITED STATES MAGISTRATE JUDGE**

asb