IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BENJAMIN E. ISAAC, :
:
    Petitioner, :
:
v. : CASE NO.: 1:09-cv-82 (WLS)
:
DAVID FRAZIER, *Warden*, :
:
    Respondent. :
_____ :

**ORDER**

Pending before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed June 17, 2011. (Doc. 30). It is recommended that Petitioner's federal habeas corpus petition challenging his 2002 guilty plea conviction for armed robbery and possession of a firearm during the commission of a crime, filed pursuant to 28 U.S.C. § 2254 (*see* Doc. 2), be denied. (Doc. 30 at 21). The denial of any certificate of appealability to be filed is also recommended. (*Id.* at 21). The Report and Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). Petitioner timely filed an Objection thereto on July 1, 2011, well before the July 5, 2011 deadline by which he was required to do so. (*See* Doc. 31).

Petitioner appears to base his Objection on the alleged bias and prejudice against Petitioner that this Court developed as a result of the Eleventh Circuit's decision to hold in abeyance the petition for writ of mandamus filed by Petitioner against this Court.[2] (*Id.* at 2-3).

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).
[2] The Eleventh Circuit held in abeyance for sixty days the petition for writ of mandamus to allow this Court to rule on the subject § 2254 Petition. (Doc. 29 at 4).

1

This alleged bias and prejudice, argues Petitioner, caused Judge Langstaff to adopt the state habeas court's findings of fact in error, as said findings were made by the state habeas court in the absence of the June 4, 2002 negotiated plea hearing transcript. (*Id.* at 3). As a result, Petitioner explains that the state habeas court and in turn, Judge Langstaff incorrectly found that Petitioner withdrew his plea of guilty at the June 4, 2002 plea hearing, for it was Petitioner's counsel—outside of Petitioner's presence and without Petitioner's valid consent—who actually withdrew Petitioner's guilty plea. (*Id.* at 4).

Additionally, Petitioner finds incorrect the Recommendation's adoption of the state habeas court's finding that Petitioner's counsel advised him of the consequences of entering a nonnegotiated guilty plea at the June 17, 2002 plea hearing and that Petitioner affirmed his receipt of such advice. (*Id.*). "[T]he record as a whole," according to Petitioner, does not support such a finding. (*Id.*). To illustrate, the plea sheet that Petitioner signed on June 17, 2002, Petitioner notes, states that Petitioner would be subject to a minimum of a one-year sentence, while O.C.G.A.§ 16-8-41 mandates a minimum of ten years for armed robbery. (*Id.* at 7).

Moreover, Petitioner argues that because the same plea sheet indicates that Petitioner pleaded guilty to three counts of *robbery*, he could not, contrary to the Recommendation's findings, have pleaded guilty to three counts of *armed robbery*. (*Id.* at 9). On these allegations, Petitioner argues that he did not enter into the June 17, 2002 guilty plea agreement voluntarily and knowingly. (*Id.*). Lastly, Petitioner requests the Court, in consideration of all of the foregoing arguments put forth in his Objection, to grant him a certificate of appealability. (*Id.* at 14).

The Court finds that all of Petitioner's objections are without merit, as they are summary allegations or assertions, made without the provision of sufficient evidence or legal authority in support thereof, that do no more than attempt to re-argue many of the points on which Petitioner bases his § 2254 petition. In effect, therefore, Petitioner's Objection does not neutrally challenge the legal or factual findings of the Recommendation but is instead primarily focused, in a self-serving manner, on Petitioner's allegedly unauthorized withdrawal of the June 4, 2002 guilty plea, as well as his unknowing and involuntary entry into the June 17, 2002 plea agreement.[3]

As the record clearly establishes, however, Petitioner's first objection regarding the June 4, 2002 guilty plea does not represent a sufficient ground for granting of review for habeas corpus relief. The June 4, 2002 plea was not accepted by the court, was withdrawn by Petitioner, and did not result in a judgment. Therefore, there is no conviction resulting from the June 4, 2002 guilty plea that Petitioner's habeas petition can challenge. And with respect to Petitioner's second objection to his June 17, 2002 guilty plea, the record evidences on numerous occasions that Petitioner expressly knowingly and voluntarily entered into the subject plea agreement. (*See, e.g.*, Doc. 8-8 at 36-41 (transcribing Petitioner's acknowledgement of minimum ten-year sentence he would receive as to *each count* of indictment and his knowing, voluntary entry into plea agreement).

For all of the above reasons, Petitioner's allegation that the Recommendation is based on the Court's bias and prejudice against Petitioner is therefore unfounded. Much like the manner in which he argues the involuntary and unknowing nature of his entry of a guilty plea without sufficient substantiation, Petitioner merely cites alleged error in Judge Langstaff's findings to support his claim of bias and prejudice without any showing of how or why those findings

---

[3] For example, Petitioner references several times in his Objection an affidavit that he submitted to this Court in April 2010 that was not part of the habeas corpus record, which merely summarily restates the grounds for his habeas petition. (*See* Doc. 31 at 3; *see also* Doc. 20-1 at 1).

3

actually encompass or evidence bias or prejudice. Hence, the Court finds that the state habeas court's adjudication of Petitioner's claims, as noted by the Recommendation, were neither contrary to nor an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court, and did not result in a decision based on an unreasonable determination of the facts in light of the evidence presented during the state court proceedings. *See* 28 U.S.C. § 2254(d).

Accordingly, the objections set forth in Petitioner's Objection (Doc. 31) are **OVERRULED**; U.S. Magistrate Judge Langstaff's June 17, 2011 Report and Recommendation (Doc. 30) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein; and Petitioner's federal habeas corpus petition, brought pursuant to 28 U.S.C. § 2254 (Doc. 2), is **DENIED**. The Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this  13th  day of July 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**